Judge Underwood
delivered the Opinion of the Court.
The act approved February 12, 1828, makes it the duty of the court, whenever the opinion is entertained that an appeal bond is defective, to allow the appellant “ forth- • i . in,,- , Í 1 , „ With, upon the detect being announced by the court,” to •execute a new bond.
. The policy oí this act torbids that the circuit court shall peremptorily dismiss an appeal from the judgment of a justice, when the appellant offers “ forthwith” to execute a good bond. The court should announce the defect, and then if the appellant does not execute a new bond, with security such as the court approves' of, as soon as a proper bond can be prepared by the clerk, the appeal should be dismissed. The act of December -23, 1831, does not repeal the act of 1828, and both acts taken together shew the intention of the legislature to secure to appellants a trial upon the merits of the controversy, by affor ding every facility to cure defects in the appeal bond.
As the appellant offered forthwith to execute anew bond, wc think he should have been permitted to do so, although he had once before executed a bond in lieu of the original appeal bond, both bonds having been adjudged defective. It does not appear that the court had directed the clerk to prepare the new bond so as to obviate any defect.
It was the clerk’s duty to prepare the new bond, and if he left out an important stipulation, it was not the fault of the appellant, and he ought not to be prejudiced by it,
Judgment reversed, with costs, and cause remanded, with directions to allow the execution of an appeal bond, such as the court shall approve, provided the appellant does it fort with, and for a trial on the merits.